IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHALUMEAU POWER SYSTEMS LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. |
| | § | |
| v. | § | |
| | § | |
| AVAYA, INC; BROCADE | § | JURY TRIAL DEMANDED |
| COMMUNICATIONS SYSTEMS, INC; | § | |
| CISCO SYSTEMS, INC; CISCO- | § | |
| LINKSYS LLC; D-LINK SYSTEMS, INC; | § | |
| D-LINK CORPORATION; ENTERASYS | § | |
| NETWORKS, INC; FORCE 10 | § | |
| NETWORKS, INC; FOUNDRY | § | |
| NETWORKS, INC; HEWLETT | § | |
| PACKARD CO; JUNIPER NETWORKS, | § | |
| INC; LG-ERICSSON USA INC.; | § | |
| MICREL, INC. d/b/a MICREL | § | |
| SEMICONDUCTOR, INC; NETGEAR, | § | |
| INC; SMC NETWORKS, INC, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff Chalumeau Power
Systems LLC ("Chalumeau") complains against Defendants Avaya, Inc. ("Avaya"),
Foundry Networks, Inc. ("Foundry"),  Brocade Communications Systems, Inc. (Foundry
and Brocade Communications Systems are collectively referred to herein as "Brocade"),
Cisco Systems, Inc., Cisco-Linksys LLC (collectively "Cisco"), D-Link Systems, Inc., D-
Link Corporation (collectively "D-Link"), Enterasys Networks, Inc. ("Enterasys"), Force
10 Networks, Inc. ("Force 10"), Hewlett Packard Company ("HP"), Juniper Networks,
Inc. ("Juniper"), LG-Ericsson USA Inc. ("LG-Ericsson"), Micrel, Inc. d/b/a Micrel

Semiconductor, Inc. ("Micrel"), Netgear, Inc. ("Netgear"), and SMC Networks, Inc. ("SMC") as follows:

### PARTIES

1.     Plaintiff Chalumeau is a Delaware limited liability company having a place of business in Newport Beach, California.

2.     On information and belief, Defendant Avaya, Inc. is a Delaware corporation having its principle place of business in Basking Ridge, New Jersey.

3.     On information and belief, Defendant Brocade Communications Systems, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

4.     On information and belief, Defendant Cisco Systems, Inc. is a California corporation having its principal place of business in San Jose, California.

5.     On information and belief, Defendant Cisco-Linksys LLC is a California limited liability company having its principal place of business in Irvine, California.  On information and belief, Cisco-Linksys LLC is a wholly owned subsidiary of Cisco Systems, Inc.

6.     On information and belief, Defendant D-Link Systems, Inc. is a California corporation with its principal place of business in Fountain Valley, California.

7.     On information and belief, Defendant D-Link Corporation is a Taiwanese corporation with its principal place of business in Taipei City, Taiwan.

8.     On information and belief, Defendant Enterasys Networks, Inc. is a Delaware corporation having its principal place of business in Andover Mass.

9.     On information and belief, Defendant Force 10 Networks, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

10.     On information and belief, Defendant Foundry Networks, Inc. is a California corporation and wholly owned subsidiary of Brocade Communications Systems, Inc. and has its principal place of business in Santa Clara, California.

11.     On information and belief, Defendant Hewlett Packard Company is a Delaware corporation having its principal place of business in Palo Alto, California.

12.     On information and belief, in April 2010, 3Com Corporation ("3Com") merged with and was dissolved into HP. 3Com no longer exists as an entity.

13.     On information and belief, in connection with the dissolution of 3Com, HP assumed any and all potential liabilities related to this action for 3Com products offered for sale and/or sold by 3Com prior to the merger, and 3Com branded products offered for sale and/or sold by HP after the merger.

14.     On information and belief, Defendant Juniper Networks, Inc. is a Delaware corporation having its principal place of business in Sunnyvale, California.

15.     On information and belief, Defendant LG-Ericsson USA Inc. is a California corporation and a joint venture between LG-Ericsson and Accton Technology and has its principal place of business in Irvine, California.

16.     On information and belief, Defendant Micrel, Inc. (also d/b/a Micrel Semiconductor, Inc.) is a California corporation having its principal place of business in San Jose, California.

17.     On information and belief, Defendant Netgear, Inc. is a Delaware corporation having its principal place of business in San Jose, California.

18.     On information and belief, Defendant SMC Networks, Inc. is a Delaware corporation having its principal place of business in Irvine, California.

### JURISDICTION AND VENUE

19.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant has transacted business in this district and has committed and/or induced and/or contributed to acts of patent infringement in this district.

21.     On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Delaware Long Arm Statute, due at least to their substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in this judicial district; and (iii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 5,991,885

22.     Plaintiff Chalumeau is the owner by assignment of United States Patent No. 5,991,885 ("the '885 patent") entitled "Method and Apparatus For Detecting The Presence of a Remote Device and Providing Power Thereto" – including all rights to

recover for past and future acts of infringement.  The '885 patent was duly and legally issued on November 23, 1999.  A true and correct copy of the '885 patent is attached as Exhibit A.

23.     On information and belief, Defendant Avaya has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Avaya's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the Avaya 5000 series of Power over Ethernet switches.  Avaya is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

24.     On information and belief, at least since service of the Original Complaint in this action, Defendant Avaya has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent.   Avaya's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the Avaya 5000 series of Power over Ethernet switches, which switches Avaya knows infringe one or more claims of the '885 patent.  Avaya is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

25.     On information and belief, at least since service of the Original Complaint in this action, Defendant Avaya has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent.  Avaya's

contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least its Avaya 5000 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the Avaya 5000 series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Avaya is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

26.     On information and belief, Defendant Brocade has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Brocade's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the FastIron GS series of Power over Ethernet switches. Brocade is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

27.     On information and belief, Brocade has had knowledge of the '885 since at least November, 2008.

28.     On information and belief, at least since November, 2008, Defendant Brocade has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. Brocade's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet

technology, including at least the FastIron GS series of Power over Ethernet switches, which switches Brocade knows infringe one or more claims of the '885 patent. Brocade is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

29.    On information and belief, at least since November, 2008, Defendant Brocade has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. Brocade's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least its FastIron GS series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the FastIron GS series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Brocade is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

30.    On information and belief, at least since November, 2008, Brocade's infringement of one or more claims of the '885 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

31.    On information and belief, Defendant Cisco has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Cisco's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the Catalyst 4500 series of

Power over Ethernet switches.  Cisco is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

32.    On information and belief, Defendant Cisco has had knowledge of the '885 patent since at least as early as November, 2008.

33.    On information and belief, at least since November, 2008, Defendant Cisco has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent.  Cisco's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the Catalyst 4500 series of Power over Ethernet switches, which switches Cisco knows infringe one or more claims of the '885 patent.  Cisco is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

34.    On information and belief, Defendant Cisco has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent.  Cisco's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the Catalyst 4500 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the Catalyst 4500 series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for

substantial noninfringing use.  Cisco is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

35.    On information and belief, at least since November, 2008, Cisco's infringement of one or more claims of the '885 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

36.    On information and belief, Defendant D-Link has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. D-Link's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the DES-3010 series of Power over Ethernet switches.  D-Link is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

37.    On information and belief, at least since service of the Original Complaint in this action, Defendant D-Link has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent.   D-Link's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the DES-3010 series of Power over Ethernet switches, which switches D-Link knows infringe one or more claims of the '885 patent.  D-Link is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

38.     On information and belief, at least since service of the Original Complaint in this action, Defendant D-Link has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. D-Link's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the DES-3010 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the DES-3010 series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. D-Link is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

39.     On information and belief, Defendant Enterasys has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Enterasys' direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the G series of Power over Ethernet switches. Enterasys is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

40.     On information and belief, Defendant Enterasys has had knowledge of the '885 patent since at least as early as November, 2008.

41.     On information and belief, at least since November, 2008, Defendant Enterasys has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. Enterasys' inducements include,

without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the G series of Power over Ethernet switches, which switches Enterasys knows infringe one or more claims of the '885 patent. Enterasys is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

42.     On information and belief, at least since November, 2008, Defendant Enterasys has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. Enterasys' contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the G series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the G series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Enterasys is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

43.     On information and belief, at least since November, 2008, Enterasys' infringement of one or more claims of the '885 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

44.     On information and belief, Defendant Force 10 has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States.

Force 10's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the S25 series of Power over Ethernet switches. Force 10 is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

45.    On information and belief, at least since service of the Original Complaint in this action, Defendant Force 10 has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. Force 10's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the S25 series of Power over Ethernet switches, which switches Force 10 knows infringe one or more claims of the '885 patent. Force 10 is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

46.    On information and belief, at least since service of the Original Complaint in this action, Defendant Force 10 has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. Force 10's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the S25 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the S25 series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or

commodity of commerce suitable for substantial noninfringing use.  Force 10 is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

47.     On information and belief, Defendant HP has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. HP's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the 3Com Baseline Plus 2426 series of Power over Ethernet devices and the V1905 series of Power over Ethernet switches.  HP is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

48.     On information and belief, Defendant HP has had knowledge of the '885 patent since at least as early as November, 2008.

49.     On information and belief, at least since November, 2008, Defendant HP has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent.  HP's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the 3Com Baseline Plus 2426 series of Power over Ethernet devices and the V1905 series of Power over Ethernet switches, which devices HP knows infringe one or more claims of the '885 patent.  HP is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

50.     On information and belief, at least since November, 2008, Defendant HP has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. HP's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least its 3Com Baseline Plus 2426 series of Power over Ethernet devices and its V1905 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the 3 Com Baseline Plus 2426 series of Power over Ethernet devices and theV1905 series of Power over Ethernet switches to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. HP is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

51.     On information and belief, at least since November, 2008, HP's infringement of one or more claims of the '885 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

52.     On information and belief, Defendant Juniper has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Juniper's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the EX3200 series of Power over Ethernet switches.  Juniper is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

53.     On information and belief, at least since service of the Original Complaint in this action, Defendant Juniper has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent.  Juniper's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the EX3200 series of Power over Ethernet switches, which switches Juniper knows infringe one or more claims of the '885 patent.  Juniper is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

54.     On information and belief, at least since service of the Original Complaint in this action, Defendant Juniper has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent.  Juniper's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the EX3200 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the EX3200 series of Power over Ethernet devices to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.  Juniper is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

55.     On information and belief, Defendant LG-Ericsson has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United

States. LG-Ericsson's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the ES-1000P and SMC 8124 series of Power over Ethernet switches. LG-Ericsson is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

56.     On information and belief, at least since service of the Original complaint in this case, Defendant LG-Ericsson has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. LG-Ericsson's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale or sell, within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the ES-1000P and SMC 8124 series of Power over Ethernet switches, which switches LG-Ericsson knows infringe one or more claims of the '885 patent. LG-Ericsson is thus liable for further infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

57.     On information and belief, at least since the service of the Original complaint in this case, Defendant LG-Ericsson has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. LG Ericsson's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the ES-1000P and SMC 8124 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the ES-1000P and SMC 8124 series of Power

over Ethernet switches to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. LG-Ericsson is thus liable for contributory infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

58.     On information and belief, Defendant Micrel has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Micrel's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the MIC2358 series of Power over Ethernet controllers/switches. Micrel is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

59.     On information and belief, at least since service of the Original Complaint in this case, Defendant Micrel has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. Micrel's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the MIC2358 series of Power over Ethernet controllers/switches, which controllers Micrel knows infringe one or more claims of the '885 patent. Micrel is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

60.     On information and belief, at least since service of the Original Complaint in this case, Defendant Micrel has been and is, in this judicial district, and elsewhere in

the United States, actively contributing to the infringement of the '885 patent. Micrel's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the MIC2358 series of Power over Ethernet controllers/switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the MIC2358 series of Power over Ethernet controllers/switches to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Micrel is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

61.    On information and belief, Defendant Netgear has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. Netgear's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the GS 700TP series of Power over Ethernet switches. Netgear is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

62.    On information and belief, Defendant Netgear has had knowledge of the '885 patent since at least as early as November, 2008.

63.    On information and belief, at least since November, 2008, Defendant Netgear has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. Netgear's inducements include, without limitation and with specific intent to encourage the infringement, knowingly

inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the GS 700TP series of Power over Ethernet switches, which switches Netgear knows infringe one or more claims of the '885 patent. Netgear is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

64.    On information and belief, at least since November, 2008, Defendant Netgear has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. Netgear's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the GS 700TP series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the GS 700TP series of Power over Ethernet switches to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use. Netgear is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

65.    On information and belief, at least since November, 2008, Netgear's infringement of one or more claims of the '885 patent is and has been willful and deliberate, making this an exceptional case and entitling Plaintiff to enhanced damages, reasonable attorney fees and costs.

66.    On information and belief, Defendant SMC has been and is directly infringing the '885 patent in this judicial district, and elsewhere in the United States. SMC's direct infringements include, without limitation, making, using, offering for sale,

and/or selling within the United States, and/or importing into the United States devices using Power over Ethernet technology, including at least the SMC 8124 series of Power over Ethernet switches. SMC is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(a).

67.     On information and belief, at least since service of the Original Complaint in this case, Defendant SMC has been and is, in this judicial district, and elsewhere in the United States, actively inducing infringement of the '885 patent. SMC's inducements include, without limitation and with specific intent to encourage the infringement, knowingly inducing others, including its customers, to use, offer for sale, and/or sell within the United States, and/or import into the United States, devices using Power over Ethernet technology, including at least the SMC 8124 series of Power over Ethernet switches, which switches SMC knows infringe one or more claims of the '885 patent. SMC is thus liable for infringement of the '885 patent pursuant to 35 U.S.C. § 271(b).

68.     On information and belief, at least since service of the Original Complaint in this case, Defendant SMC has been and is, in this judicial district, and elsewhere in the United States, actively contributing to the infringement of the '885 patent. SMC's contributions include, without limitation, making, using, offering to sell and/or selling within the United States, and/or importing into the United States, one or more components including at least the SMC 8124 series of Power over Ethernet switches, which constitute a material part of the invention recited in one or more claims of the '885 Patent, knowing the SMC 8124 series of Power over Ethernet switches to be especially made or especially adapted for use in an infringement of the '885 Patent, and not a staple

article or commodity of commerce suitable for substantial noninfringing use. SMC is thus liable for infringement of the '885 Patent pursuant to 35 U.S.C. § 271(c).

69.      Defendants have profited through the infringement of the '885 patent. As a result of Defendants' unlawful infringement of the '885 patent, Plaintiff has suffered and will continue to suffer damage. Plaintiff is entitled to recover from Defendants damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter:

A.      A judgment in favor of Plaintiff that Defendants have directly infringed, induced others to infringe, and/or contributed to others' infringement of the '885 patent;

B.      A judgment and order requiring Defendants to pay Plaintiff their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for Defendants' infringement of the '885 patent as provided under 35 U.S.C. § 284;

C.      A judgment that Defendants have willfully infringed the '885 patent and enhancement of Plaintiff's damages by reason of the nature of Defendants' infringement pursuant to 35 U.S.C. § 284;

D.      A judgment and order that this case is exceptional under 35 U.S.C. § 285 and requiring Defendants to pay Plaintiff's reasonable attorney fees; and

E.      Any and all other relief to which the Court may deem Plaintiff is entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,


FARNAN LLP

By:   /s/ Brian E. Farnan
    Brian E. Farnan (Bar No. 4089)
    Rosemary J. Piergiovanni (Bar No. 3655)
    919 North Market Street, 12th Floor
    Wilmington, Delaware 19801
    (302) 777-0300
    (302) 777-0301 (Fax)
    bfarnan@farnanlaw.com

Of Counsel:
Danny L. Williams
J. Mike Amerson
Christopher N. Cravey
Brian Buss
Matthew R. Rodgers
Michael A. Benefield
David Morehan
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
danny@wmalaw.com
mike@wmalaw.com
ccravey@wmalaw.com
bbuss@wmalaw.com
mrodgers@wmalaw.com
mbenefield@wmalaw.com
dmorehan@wmalaw.com

*Attorneys for CHALUMEAU POWER SYSTEMS LLC*

Dated: June 28, 2011